# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DELOATCH, individually, and on behalf of others members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL STEEL AND SHIPBUILDING COMPANY, a Nevada corporation, GENERAL DYNAMICS CORPORATION, a Delaware corporation, TECHNICAL AID CRYSTAL, INC., a Massachusetts corporation, 888 CONSULTING GROUP, INC., a Massachusetts corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil No. 07cv713 DMS (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND GRANTING REQUEST FOR SANCTIONS**<br><br>[Doc. No. 22] |

Plaintiff Robert Deloatch (Plaintiff) has brought this motion to compel Defendants Technical Aid Crystal, Inc. (TAC) and 888 Consulting, Inc. (888) (collectively, Defendants) to respond to Plaintiff's first set of interrogatories and first set of requests for production of documents (RFP). Plaintiff seeks discovery that could be relevant to his motion for class certification, which is currently due to be filed by January 31, 2008. The parties' counsel are located in different counties and could not arrange to personally meet and confer. In bringing this motion, Plaintiff asks that the Court: (1) order Defendants to further respond to discovery by a date certain; (2) continue the deadline to file the motion for class certification; and (3) award sanctions against Defendants. Defendants responded, agreeing to respond to all but two of the discovery requests, but not proposing a date by which to do so.

The Court vacated the November 16, 2007 hearing and took the matter under submission. For the following reasons, the Court **GRANTS in part and DENIES in part** Plaintiff's motion to compel.

### BACKGROUND

**The Discovery Requests.**

Plaintiff propounded the identical three interrogatories and 52 RFPs on TAC and 888 on July 25, 2007.[1] After being granted an extension of time, Defendants responded on September 4, 2007. All the responses, except for one, contained objections. The majority of the responses, specifically responses to interrogatory nos. 1-2 and RFP nos. 2, 6-10, 12, 15-20, 22-32, 35-42, 44-45, 48-51, included this statement: "After entry of an appropriate protective order incorporating terms of non-disclosure and use of the responsive documents, [Defendants] will [respond or produce]."

Defendants responded to interrogatory no. 3. They also agreed to provide responsive documents to RFP nos. 1, 3, 4, 5 and 46. Initially they completely objected to RFP nos. 11, 13, 14, 21, 33, 34, 43, 47 and 52.

**Counsel's Communications.**

Following Defendants' objections, counsel engaged in a series of communications. Defendants' counsel, William Halle, sent Plaintiff's counsel, Matthew Theriault, an email on September 5, stating that he expected they could agree on the terms of a protective order soon, and that he would like to discuss such an order. He suggested Theriault contact him the "next week or later." About two weeks later, Theriault called Halle and left a message. Halle's colleague, Amy Larkin, returned Theriault's call on September 24. Theriault said he would forward a draft stipulated order to them.

On October 1, Theriault's associate, Lory Ishii, sent a meet and confer letter and proposed protective order to Halle. Halle did not respond. On October 5, Theriault sent Halle an email and attached his proposed protective order. Halle responded the next day, saying that he received Ishii's letter and would respond by October 9. Halle did not respond. Then, on October 11, Theriault sent him another email informing him of his intent to file a motion to compel if he continued to fail to respond. Halle wrote back at 2:47 a.m. the next day, saying he had received documents and was having them

---

[1] Because the discovery requests are identical, the Court will refer to them only by number and not distinguish by Defendant. The Court's order, however, will apply to all four discovery requests.

Bates stamped so as to send them out "tomorrow."[2] He also said he was expecting more documents and would comment on the protective order and meet and confer on it by the end of the day. But Halle never did. Then, on Tuesday, October 16, Theriault sent Halle another email stating that he still had no response from him and confirmed he was preparing to file a motion to compel on Friday, October 19.

Theriault never heard another word from Halle, either in response to his communications or to provide the documents he said he would provide. Halle acknowledged that he "did Mr. Theriault a disservice" and that "[a]fter enough silence, and I think understandably, Mr. Theriault filed the motion to compel. Mr. Theriault deserved more than that silence." Halle Declaration ¶¶ 6, 7. In fact, Halle "accepts at least partial responsibility for triggering this Motion." Defs.' Mem. Ps&As p.4, ll.24-25.

## DISCUSSION

**Interrogatories.**

Defendants answered interrogatory no. 3. Regarding interrogatory no. 1, Defendants responded that they had no objection to producing the information to a third party administrator pursuant to a protective order. As for interrogatory no. 2, Defendants agreed to produce the information subject to the confidentiality provisions of a protective order.

The Court **GRANTS** Plaintiff's motion to compel Defendants to respond to interrogatory nos. 1 and 2 by a date certain, and subject to a protective order that includes provisions governing a third party administrator and confidentiality. By separate order the Court shall enter a protective order that Plaintiff shall submit forthwith, as explained below.

**RFPs.**

In Defendants' opposition they either reaffirmed their agreement to produce or agreed to produce documents for most of the RFPs in dispute. They reaffirmed that subject to a protective order, they would produce responses to RFP nos. 2, 6-10, 12, 15-20, 22-32, 35-42, 44-45 and 48-51. Specifically for RFP no. 2, they said that instead of identifying "[a]ll documents identifying each and every company within California with which Defendant contracted with to provide non-exempt employees"–which Defendants claim would be almost all documents in all of Defendants' employee files–they propose to

---

[2] The Court assumes that Halle meant he would send them out on Friday, October 12, since he wrote the email in the early morning of October 12, and October 13 was a Saturday.

simply identify via compilation their California customers subject to a protective order. In addition, Defendants agreed that subject to a protective order, and where production would be more appropriate via a third party administrator or in the form of a compilation rather than through specific documents, to produce documents in response to RFP nos. 11, 13, 14, 21, 33, 34 and 47.

The Court **GRANTS** Plaintiff's motion to compel Defendants to respond to these RFPs by a date certain, and subject to a protective order that includes provisions governing a third party administrator and confidentiality. The responses may be in the form of compilations where Defendants represented it would be less burdensome.

**RFP No. 43.**

RFP No. 43 asks for "[a]ll documents showing final payments to each non-exempt employee after termination of employment since 3/14/03." Defendants object on the grounds that the RFP seeks confidential financial and confidential proprietary information. Specifically, they contend that these documents would reveal the identities of their California employees and customers. In reply, Plaintiff has agreed to restrict this request from "all documents" to include only "all final wage statements."

Defendants are already revealing their employees' and customers' names to Plaintiff in response to other discovery requests and subject to the provisions of a protective order. Therefore, the Court **GRANTS** Plaintiff's motion to compel a response to RFP No. 43 to the extent it calls for only "final wage statements," and subject to a protective order that includes provisions governing confidentiality.

**RFP No. 52.**

RFP No. 52 seeks "[a] statistically relevant sampling of the files of non-exempt employees, including their personnel files, time sheets and other records of time actually worked, pay stubs and wage statements." Defendants object on the grounds that the RFP seeks confidential, proprietary and/or financial information that would violate Defendants and/or other parties' privacy rights, and that it is unduly burdensome and oppressive. They also contend the RFP is fatally vague and ambiguous because it requires expert testimony to ascertain what is a "statistically significant sample."

Plaintiff says that the term "statistically relevant sampling" is not vague or ambiguous because Plaintiff defined it in his October 1, 2007 meet and confer letter. Plaintiff defined it as "a method of producing a set of data that will provide statistically significant and accurate figures or numbers,

pertaining to the type of information that is sought, which may be too numerous for Defendants to produce in its entirety." Plaintiff said the "method" would essentially be in the form that Defendants proposed for producing other responsive information. *See* Ellis Decl. ¶ 11.

The Court finds the term "statistically relevant sampling" to be vague and ambiguous, and finds no support for that statement in the case Plaintiff cites, *Savagio v. Wal-Mart Stores, Inc.*, 149 Cal. App. 4th 588 (2007). The Court, therefore, **DENIES without prejudice** Plaintiff's motion to compel a response to RFP No. 52 because the term "statistically relevant sampling" is vague and ambiguous and calls for an expert opinion, and because production of all the information requested in RFP No. 52 would be oppressive and unduly burdensome for purposes of conducting discovery on class certification. The Court, however, will order Defendants to provide the Excel spreadsheet Nathan Ellis describes in his Declaration, paragraph no. 11, to Plaintiff.

**The Protective Order.**

The Court has reviewed both proposed protective orders. The Court chooses to adopt Plaintiff's proposed protective order. Plaintiff, however, shall resubmit the proposed protective order to reflect these changes:

> <u>Paragraph No. 13(a) shall read</u>: "Providing the full name, last known address, phone numbers, and dates of employment of each and every person employed by Defendants as a non-exempt employee ("Class Members") within the state of California from March 14, 2003 until present to a mutually agreeable third party administrator within 15 business days after entry of this Order by the Court, and providing the social security number of the Class Members to the third party administrator within 30 calendar days after entry of this Order by the Court."
>
> <u>Paragraph No. 13(h) shall read</u>: "The Parties shall divide equally the costs of administering all aspects of the Notice (i.e. Plaintiff shall bear one-half the cost and Defendants shall bear one-half the cost)."
>
> <u>Parties shall add a Paragraph No. 14 that reads</u>: "Nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously."

1  Plaintiff shall lodge the revised proposed protective order within one week of the signed date of
2  this Order.

3  **Sanctions.**

4  Plaintiff also requests that the Court order Defendants to pay the attorneys' fees Plaintiff
5  incurred in filing this motion to compel. Plaintiff states that the fees total $5,885.00, broken down at
6  these rates:

7  • Twelve hours for an associate with one and a half years experience who bills at
8  the rate of $330 per hour [Theriault Decl. ¶ 11]; and
9  • Five hours for Mr. Theriault, an attorney with over six years experience who bills
10  at a rate of $385 per hour [Theriault Decl. ¶ 12].

11  Theriault's estimate of five hours included three hours of already-completed work and two hours
12  **estimated** to prepare for and attend the hearing on this matter. Because the Court did not hold a
13  hearing, the Court will consider only three hours of Theriault's work, for a total fee award of $5,115.00.
14  Federal Rule of Civil Procedure 37(a)(4)(A) states that if a Court grants a motion to compel,

15  > or if the disclosure or requested discovery is provided after the motion was
16  > filed, the court shall, after affording an opportunity to be heard, require the
17  > party . . . or attorney advising such conduct or both of them to pay to the
18  > moving party the reasonable expenses incurred in making the motion,
    > including attorneys' fees, unless the court finds that . . . the opposing
    > party's non-disclosure, response or objection was substantially justified, or
    > that other circumstances make an award of expenses unjust.

19  Here, while Theriault waited a little over two weeks to contact Halle after Defendants served
20  their responses, it was Halle who told Theriault to contact him "next week or later." Halle Decl. Ex. 1.
21  It was then Halle who admittedly delayed and failed to communicate **at all**, even to request additional
22  time to respond. Had Halle given Theriault any sort of response, it seems then the parties could have
23  resolved almost all their disputes without drawing on the Court's time and resources. Accordingly,
24  finding no substantial justification for Halle's silence, the Court **GRANTS** Plaintiff's request for
25  reasonable attorneys' fees in the amount of $5115.00.

26  **Filing Deadline.**

27  In light of the time anticipated to notify the prospective Class Members, the Court finds good
28  cause to vacate and reset the January 31, 2008 deadline for Plaintiff to file a motion for class

certification.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS**:

1. Plaintiff shall lodge his proposed protective order, incorporating the Court-ordered changes, by ***November 28, 2007***.

2. Defendants shall respond to interrogatory no. 1 as provided in paragraph no. 13(a) of the protective order.

3. Defendants shall respond to interrogatory no. 2 by ***December 5, 2007***.

4. Defendants shall produce the documents that they said they would produce in response to RFP nos. 2, 6-10, 12, 15-20, 22-32, 35-42, 44-45 and 48-51 by ***December 5, 2007***.

5. Defendants shall produce the documents in response to RFP nos. 11, 13, 14, 21, 33, 34 and 47 by ***December 5, 2007***.

6. Defendants shall produce documents in response to RFP No. 43 to the extent it calls for only "final wage statements" by ***December 5, 2007***.

7. Defendants shall provide the Excel spreadsheet Nathan Ellis describes in his Declaration, paragraph no. 11, to Plaintiff within 15 business days after entry of this Order.

8. Defendants shall pay the sum of **$5,115.00** for reasonable attorney's fees directly to Initiative Legal Group LLP by ***November 28, 2007***.

9. The January 31, 2008 deadline by which Plaintiff must file his motion for class certification is **VACATED** and **RESET** for ***May 1, 2008***. All other provisions of the Court's August 3, 2007 Scheduling Order remain in full force and effect.

**IT IS SO ORDERED.**

DATED: November 21, 2007

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge