FILED

07 NOV 28 PM 2: 15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DELOATCH, individually, and on behalf of all other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL STEEL AND SHIPBUILDING COMPANY, et al.,<br><br>Defendants. | Case No. 07 CV 713 DMS (NLS)<br><br>[Discovery Matters Assigned to Hon. Nita L. Stormes]<br><br>███████████████ ORDER RE: DISCLOSURE OF CLASS MEMBERS' IDENTITIES AND DISCOVERABLE DOCUMENTS |

**THIS STIPULATION** is hereby entered into by and between Defendants Technical Aid Corporation and 888 Consulting Group, Inc. ("Defendants") and Plaintiff Robert Deloatch, individually, and on behalf of others similarly situated ("Plaintiff"), collectively referred to as the "Parties," by and through their respective counsel of record.

**WHEREAS,** Plaintiff has sought the production of putative Class Members' identities (including names, last known addresses, telephone numbers and dates of employment) and certain documents concerning, related to, or provided to Class Members that relate to their employment by Defendants, and Defendants have

1  objected to said production based on privacy grounds;

2         **WHEREAS**, the Parties have met, conferred and agreed that Defendants
3  shall disclose the identities of and documents concerning the employment of the
4  putative Class Members subject to the following conditions:

5         1)    All documents which Defendants contend contain Confidential
6  Information shall be marked "**CONFIDENTIAL**." Defendants will use good faith
7  in making such designation, and may designate as "**CONFIDENTIAL**" only those
8  documents or information which identify the name, address, social security number
9  or other confidential or private personnel information of its current and former
10 employees. Any acquiescence by Plaintiff in a designation of information as
11 "**CONFIDENTIAL**" shall not operate as a waiver of Plaintiff's rights to
12 subsequently dispute the appropriateness of such designation. No document that
13 contains any information pertaining or referring to Plaintiff Robert Deloatch shall be
14 designated by Defendants as "**CONFIDENTIAL**."

15        2)    In accordance with the limitations and procedures set forth below,
16 access to the Confidential Information shall be limited to the following persons or
17 parties:

18             a.    Attorneys of record for the parties;
19             b.    Paralegals, secretaries, claims administrators, and/or process
20                 servers regularly employed by counsel of record;
21             c.    Experts retained by counsel of record for Plaintiff and
22                 Defendants for the purposes of this litigation only;
23             d.    Plaintiff and representatives of Defendants; and
24             e.    Witnesses called by the Parties in any further proceeding in this
25                 litigation.

26        3)    All persons identified in paragraph 2, who in the course of this action
27 may be given access to Confidential Information, shall be required to read the
28 Stipulation and agree to be bound thereby.

2

4) Any pleading or responses to deposition questions, interrogatories, requests for admissions, or demands for inspection that discloses the content of the Confidential Information shall be restricted and marked "**CONFIDENTIAL**."

5) Confidential Information shall be used solely for the purposes of this action and not for any other purpose.

6) Nothing contained in this Stipulation shall be construed to prejudice the rights of either party to use before the Court, arbitrator, or mediator any Confidential Information. However, before doing so, the party intending to use Confidential Information shall inform the other Parties who may request from the Court, arbitrator, or mediator appropriate protection for the Confidential Information, including bringing a motion to file under seal any Confidential Information to be field with the Court, or clearing the courtroom of persons not entitled hereunder to such Confidential Information. Additionally, Plaintiff may use any document designated as "**CONFIDENTIAL**" before the Court, arbitrator, or mediator without prior notice to Defendants so long as the name, address, telephone number, or social security number of the current or former employee-Class Member is redacted.

7) Nothing in this Stipulation shall affect the admissibility into evidence of Confidential Information or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court or arbitrator concerning the issues of status of Confidential Information.

8) This Stipulation and Order shall not prejudice the right of the Parties: (a) to object to the introduction into evidence of any Confidential Information; (b) to seek additional protective treatment for any Confidential Information; (c) to object to the designation of documents as Confidential Information; (d) to send notice to any class member in this action, either through settlement by and between the Parties or by order of the Court; and (e) to seek any modification of any provision of this Stipulation and Order either generally or as to any particular Confidential

1  Information by properly noticed motion. The Parties shall meet and confer
2  regarding any dispute that refers or relates to Confidential Information prior to filing
3  any motion.
4        9)    Inadvertent disclosure of any Confidential Information during
5  discovery, arbitration, mediation or trial of this action, or inadvertent disclosure of
6  Confidential Information without appropriate designation, shall be without prejudice
7  to any claim that such material is private and confidential and no party shall be held
8  to have waived any rights of confidentiality by such inadvertent disclosure.
9        10)   If Confidential Information is disclosed to any persons other than in
10 the manner authorized by this Stipulation and Order, the person or party responsible
11 for disclosure must immediately bring all pertinent facts relating to such disclosure
12 to the attention of counsel for all parties without prejudice to other rights and
13 remedies of any party to make every effort to prevent further disclosure by it or by
14 the person who receives such information.
15        11)   Questions regarding appropriateness, availability and/or amount of
16 sanctions for inadvertent or intentional disclosure of Confidential Information shall
17 be decided by the Court, after opportunity for briefing and argument by the parties.
18        12)   This Stipulation may be amended without leave of Court by the written
19 agreement of counsel for the Parties to this agreement and any pertinent third parties
20 in the form of an amended stipulation. This Stipulation is intended to regulate the
21 handling of Confidential Information during the entirety of this litigation through
22 appeal, and thereafter, and shall remain in full force and effect until modified,
23 superseded or terminated on the record or by agreement of the parties to this
24 litigation and any pertinent third parties or by order of the Court.
25        13)   Pursuant to this Stipulation, Defendants shall disclose the identities of
26 the putative Class Members by:
27        a.    Providing the full name, last known address, phone numbers,
28              and dates of employment of each and every person employed

|   |   |   |
|---|---|---|
| 1 | | by Defendants as a non-exempt employee ("Class Members") |
| 2 | | within the state of California from March 14, 2003 until present |
| 3 | | to a mutually agreeable third party administrator within 15 |
| 4 | | business days after entry of this Order by the Court; and |
| 5 | | providing the social security number of the Class Members to |
| 6 | | the third party administrator within 30 calendar days after entry |
| 7 | | of this Order by the Court. |
| 8 | b. | The third party administrator shall not disclose the Class |
| 9 | | Members' identities to any person, including Plaintiff's counsel, |
| 10 | | and shall otherwise keep the Class Members' identities |
| 11 | | confidential, subject to the procedures set forth herein; |
| 12 | c. | Within 7 days from receiving the Class Members' contact |
| 13 | | information from Defendants, the third party administrator shall |
| 14 | | send each Class Member a Notice advising them of the lawsuit |
| 15 | | and providing them with an opportunity to opt-out from the |
| 16 | | disclosure of their identities to Plaintiff's counsel.  The form of |
| 17 | | notice is agreed upon by the Parties and attached hereto as |
| 18 | | Exhibit "A" and incorporated herein by this reference; |
| 19 | d. | Defendants shall provide the third party administrator with all |
| 20 | | available social security numbers for each and every Class |
| 21 | | Member so that the third party administrator may perform skip- |
| 22 | | tracing via social security number in order to locate the most |
| 23 | | current address for any returned Notice marked as |
| 24 | | "undeliverable" mail and correct the mailing error within 7 |
| 25 | | days from receipt of "undeliverable" mail by sending an |
| 26 | | Address-Corrected Notice; |
| 27 | e. | Class Members may object to the disclosure of their identities |
| 28 | | by signing and returning the postcard, attached hereto as Exhibit |

5

"B" and incorporated herein by this reference, which will be marked with pre-paid postage to the third party administrator within 15 days from the date on which the third-party administrator mails the Notice to the Class Members (an "opt-out" postcard shall be timely if it is postmarked within 15 days from the date on which the third-party administrator mails the Notice to the Class Members);

f. Class Members who do not send in a postcard postmarked within the 15 days of the Notice or 15 days from the Address-Corrected Notice for all undeliverable addresses, will be presumed to have consented to providing his or her identity to Plaintiff's counsel;

g. At the conclusion of the "opt-out" deadlines, the third party administrator, as soon as is reasonable possible, shall use its best efforts to transmit to counsel for each of the Parties the list of Class Members contact information who have not returned an "opt-out" postcard that is postmarked within 15 days from the date on which the third party Administrator mails the Notice or Address-Corrected Notice to the Class Members;

h. The Parties shall divide equally the costs of administering all aspects of the Notice (i.e. Plaintiff shall bear one-half the cost and Defendants shall bear one-half the cost).

14) Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information shall be filed and made part of the public record. The item may be redacted to eliminate confidential

1  material from the document.  The document shall be titled to show that it
2  corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration
3  of John Smith in Support of Motion for Summary Judgment."  The sealed and
4  redacted documents shall be filed simultaneously.

6       IT IS SO STIPULATED.

8  Dated:  November 28, 2007        INITIATIVE LEGAL GROUP, LLP

10                                  By: s/Matthew Theriault
                                        Attorneys for Plaintiff Robert Deloatch
11                                      E-mail: MTheriault@InitiativeLegal.com

13  Dated:  November ___, 2007       HEWITT & O'NEIL, LLP

15                                   By:_____
                                         William E. Halle
16                                       Attorneys for Defendants National Steel
                                         and Shipbuilding Co. et al.

18       **IT IS SO ORDERED.**

20  Dated: November **28**, 2007

                                         The Honorable Nita L. Stormes
21                                       Judge of the U.S. District Court